Electronically Filed - ST CHARLES CIRCUIT DIV - July 27, 2026 - 01:54 PM

IN THE CIRCUIT COURT
SAINT CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **DEBORAH JOHNSTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **ASCENDIUM EDUCATION SOLUTIONS,** ) | |
| **INC.** ) | |
| ) | |
| Serve at: ) | |
| 38 Buttonwood Court ) | |
| Madison , WI, 53718 ) | |
| ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW, Plaintiff, Debborah Johnston, and for her Petition states as follows:

**INTRODUCTION**

1.      This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION**

3.      This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k(d) because the illicit collection activity was directed at Plaintiff in St. Charles County, Missouri.

**PARTIES**

Electronically Filed - ST CHARLES CIRCUIT DIV - July 27, 2026 - 01:54 PM

4.      Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5.      Specifically, Plaintiff believes the alleged debt arose from Student Loans.

6.      Defendant is a foreign corporation with its principal place of business in Madison, WI.  The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

### FACTS

8.      Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9.      Defendant's collection activity consisted of letters to Plaintiff.

10.     On or about September 3, 2025, Defendant sent Plaintiff a collection letter.

11.     The September 3, 2025 letter included the account number 26022404 and indicated that Plaintiff's alleged loan is "several payments past due" further asking for Plaintiff to contact Defendant about "repayment plan options" for further attempts to collect the alleged debt.

12.     On or about December 12, 2025 Plaintiff sent cease and desist letter to Defendant via email including a written demand for validation and verification of the alleged debt.

13.     On or about December 16, 2025, Defendant sent another collection letter in further attempts to collect the alleged debt further stating "a member of our team will be calling you soon" for further attempts to collect the alleged debt.

Electronically Filed - ST CHARLES CIRCUIT DIV - July 27, 2026 - 01:54 PM

14. Furthermore, Defendant failed to provide verification or validation of the alleged debt attempting to collect on both the unverified debt and alleged interest that has accumulated.

15. On several occasions after being told that Plaintiff had an attorney the Defendant contacted Plaintiff to collect the debt.

16. The Student Loan at issue in this case was part of a previous Chapter 13 Bankruptcy and was discharged in said Bankruptcy.

17. Defendant's collection activity was illicit because it was a Discharged debt.

18. Defendant's representations regarding the status, amount, owed, and interest of the alleged debt were false and misleading

## COUNT I: VIOLATION OF THE FDCPA

19. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

20. In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

a. Engaging in deceptive, harassing, and unfair conduct in the collection of a debt, 15 U.S.C. § 1692d-f.

b. Attempting to collect a debt it knew or should have known was no longer valid. 15 U.S.C. § 1692d-f.

c. Defendant continued debt collection communications with Plaintiff after a cease and desist request and attorney representation were prohibited communications in violation of 15 U.S.C. §1692c(c).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Release of the alleged debt;

D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C.

1692(k); and

E.      For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello, Bressler, Norwood & Associates, LLC


   /s/ Raymond Whitehill II
Raymond J. Whitehill II #75807
Dominic M. Pontello, #60947
Attorney for Plaintiff
1521 Boone's Lick Road
St. Charles, MO  63301
(636) 896-4170
rwhitehill@pontellolaw.com

Electronically Filed - ST CHARLES CIRCUIT DIV - July 27, 2026 - 01:54 PM